UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRET A. LOHNES dba CAPTAIN BRET'S TATTOO SHOP, INC., Plaintiff, | : | |
| vs. | : | C.A. NO. 08-128 T |
| LUCKYFISH, INC. and PAT FISH, Defendants. | : | |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS; DECLARATION OF BRENT H. BLAKELY IN SUPPORT THEREOF**

TO: THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Luckyfish, Inc. and Pat Fish hereby move this Court to Stay Proceedings of the above-described action on the grounds that there is a previously filed duplicative action now pending in the Central District of California.

This Motion is based on this Notice, the accompanying Declaration of Brent H. Blakely, and the Memorandum of Points and Authorities in support of this Application; and the pleadings, files and other matters that may be presented at the hearing.

/s/ James H. Reilly

JAMES H. REILLY #0658
KELLY, KELLEHER, REILLY & SIMPSON
Attorney for Defendants
146 Westminster Street, Suite 500
Providence, Rhode Island 02903
(401) 272-1312
(401) 331-9397 (fax)

/s/ Donald J. Maroney
DONALD J. MARONEY #3737
KELLY, KELLEHER, REILLY & SIMPSON
Attorney for Defendants
146 Westminster Street, Suite 500
Providence, Rhode Island 02903
(401) 272-1312
(401) 331-9397 (fax)

DATED: June 5, 2008

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY**

## I. INTRODUCTION

Plaintiff Bret A. Lohnes files this action with regards to rights over the use of the slogan, "Be Art – Get a Tattoo." Mr. Lohnes alleges that Defendants, Luckyfish, Inc. and Pat Fish, have infringed upon his rights to this slogan by using it on their tattoo website. However, prior to the filing of this action, Luckyfish, Inc. and Ms. Fish filed an action against Mr. Lohnes and his company, Captain Bret's Tattoo Shop, Inc, in the Central District of California for rights over the use of this same slogan. Since, the cases are duplicative of each other, and Defendants filed their complaint first, this action should be stayed upon resolution of the action in California.

## II. STATEMENT OF FACTS

Defendant Pat Fish has been a tattoo artist since 1984 and specializes in Celtic designs. (Declaration of Brent H. Blakely ("Blakely Decl."), ¶ 2) Ms. Fish operates a business called LuckyFish, Inc. and sells over 700 original tattoo designs on her website: www.luckyfishart.com. (Blakely Decl., ¶ 3) In or around late 2006, Ms. Fish opened a tattoo studio in Santa Barbara, California. (Blakely Decl., ¶ 4) Ms. Fish is world renowned for her artwork, which has appeared in numerous magazines, newspapers, and on television. (Blakely Decl., ¶ 5) Ms. Fish has been using the slogan "Be ART! Get a Tattoo!" to promote her artwork and business for many years as well. This slogan is featured prominently on her websites: www.luckyfishart.com as well as www.luckyfish.com. (Luckyfish FAC[1], ¶ 18; Lohnes Complaint, ¶ 10)

In or around the summer of 2007, Ms. Fish discovered that Captain Bret's Tattoo Shop, Inc. ("Captain Bret's") had been selling various designs on its website, www.tribal-celtic-tattoo.com, that were identical or substantially similar to those offered by Ms. Fish on her website (the "Infringing Designs"). (Blakely Decl., ¶ 7)

[1] Luckyfish FAC – First Amended Complaint filed by Luckyfish, Inc., et al. against Bret A. Lohnes and Captain Bret's Tattoo Shop, Inc. on ____, 2008, Exhibit 1

Ms. Fish also discovered that Captain Bret's had been using the "Be ART! Get a Tattoo!" slogan on his website to promote his artwork as well. (Blakely Decl., ¶ 8)

On or about November 15, 2007, Ms. Fish's intellectual property counsel sent Mr. Lohnes a cease and desist letter and requested that he immediately cease and desist from further distribution and sale of the Infringing Designs as well as refrain from using the "Be Art - Get a Tattoo!" slogan. (Blakely Decl., ¶ 9) Ms. Fish never received a response, and on January 3, 2008, Ms. Fish and Luckyfish, Inc. commenced action in the Central District of California against Mr. Lohnes and Captain Bret's for copyright infringement, trademark dilution, and unfair competition (herinafter the "California Action"). (Blakely Decl., ¶ 10)

After Ms. Fish and the rest of the plaintiffs in the California Action had graciously granted Mr. Lohnes and Captain Bret's extensions of time to file an Answer to their Complaint, Mr. Lohnes commenced action on April 9, 2008 against Ms. Fish in this district for rights to the "Be Art – Get a Tattoo" slogan without any notice to Ms. Fish. (Blakely Decl., ¶ 11)

## III. <u>LEGAL ARGUMENT</u>

A district court may certainly dismiss an action which is merely "duplicative" of another action pending in another federal court. [<u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976); <u>Small v. Wageman</u>, 291 F.2d 734, 735 (1st Cir., 1961)] This principle rests on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." [<u>Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co</u>., 342 U.S. 180, 183 (1952)]

### A. <u>Mr. Lohnes' Action is Duplicative of Ms. Fish's Action</u>

District courts are accorded "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally an action is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." [<u>Carey v. Hillsborough County Dep't of Corr</u>., 2006 U.S.

Dist. LEXIS 23515 (D.N.H. 2006); James v. AT & T Corp., 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004)]

**1. Both Actions involve the Same Parties**

In the California Action, Pat Fish and Luckyfish are Plaintiffs and Mr. Lohnes and his company, Captain Bret's Tattoo Shop, Inc. are named as Defendants. In this action, the parties are exactly the same, only Pat Fish and Luckyfish are Defendants and Mr. Lohnes is the Plaintiff. Thus, both actions involve exactly the same parties.

**2. Both Actions involve the Same Claims**

Both claims involve rights to the "Be Art – Get a Tattoo" slogan. Thus, the issues to be determined in both cases are virtually identical and thus, resolution of the issues in one matter is determinative of the outcome of the other matter. Based on the foregoing, it would be judicially inefficient and virtually senseless to litigate both claims simultaneously in two district courts.

**B. Mr. Lohnes' claims should be Stayed pending resolution of the California Action because Defendants filed their claim first**

Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision. [Cianbro Corp. v. Curran-Lavoie, 814 F.2d 7,11 (1st Cir., 1987)]

Luckyfish and Pat Fish filed their Complaint against Mr. Lohnes and Captain Bret's in the United States District Court for the Central District of California on January 3, 2008. Mr. Lohnes filed his Complaint against Luckyfish and Pat Fish in this Court on April, 9, 2008. Since Defendants filed their Complaint first, and a judgment in favor of Defendants would render Plaintiff's claims in this action essentially moot, it would be most judicially efficient and economical to stay the claims in this action pending resolution of the California Action.

/ / /

## IV. CONCLUSION

Based on the foregoing, Defendants Luckyfish, Inc. and Pat Fish respectfully request this Court to stay proceedings of Mr. Lohnes's claims against Defendants pending resolution of the California Action.

/s/ James H. Reilly
JAMES H. REILLY #0658
KELLY, KELLEHER, REILLY & SIMPSON
Attorney for Defendants
146 Westminster Street, Suite 500
Providence, Rhode Island 02903
(401) 272-1312
(401) 331-9397 (fax)

/s/ Donald J. Maroney
DONALD J. MARONEY #3737
KELLY, KELLEHER, REILLY & SIMPSON
Attorney for Defendants
146 Westminster Street, Suite 500
Providence, Rhode Island 02903
(401) 272-1312
(401) 331-9397 (fax)

DATED: June 5, 2008