Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCKYFISH, INC., a California Corporation; PAT FISH, an individual; KELTIC DESIGNS, (cont'd) PLAINTIFF(S) v. CAPTAIN BRET'S TATTOO SHOP, INC., a Rhode Island Corporation; BRET A. LOHNES, an individual; and DOES 1-10, inclusive, DEFENDANT(S). | CASE NUMBER CV08-00023 RGK (RCx) **SUMMONS** |

TO: DEFENDANT(S): Captain Bret's Tattoo Shop, Inc., et al.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brent H. Blakely, whose address is 915 North Citrus Avenue, Hollywood, California 90038. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 3 2008

By: LA'REE HORN
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**ATTACHMENT TO SUMMONS**

*(Continued from Page 1)*

a California Corporation; and JEN DELYTH, )
an individual; )
)
Plaintiffs, )
)
_______________________________________ )

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
*Attorneys for Plaintiffs*

FILED

2008 JAN -3 AM 10:08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUCKYFISH, INC., a California Corporation; PAT FISH, an individual; KELTIC DESIGNS, a California Corporation; and JEN DELYTH, an individual;

Plaintiffs,

vs.

CAPTAIN BRET'S TATTOO SHOP, INC., a Rhode Island Corporation; BRET A. LOHNES, an individual; and DOES 1-10, inclusive,

Defendants.

CASE NO. CV CV08-00023 RGK (RCX)

**COMPLAINT FOR DAMAGES:**

1. ***COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et. seq.);***
2. ***TRADEMARK DILUTION AND UNFAIR COMPETITION (15 U.SC. §1125);***
3. ***INJURY TO BUSINESS REPUTATION AND DILUTION (Cal. Bus. & Prof. Code §14330);***
4. ***UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208);***
5. ***UNJUST ENRICHMENT***

**JURY TRIAL DEMANDED**

Plaintiffs Luckyfish, Inc., Pat Fish, Keltic Designs, and Jen Delyth for their claims against Defendants Captain Bret's Tattoo Shop, Inc., and Bret A. Lohnes, respectfully allege as follows:

///

///

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendants for Copyright Infringement under 17 U.S.C. § 101, et seq. and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 et seq. and 15 U.S.C. § 1121, as well as 28 U.S.C. § 1338(a).

2. This Court has personal jurisdiction over Defendants because Defendants reside in the State of California and/or do business within this judicial district.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Luckyfish, Inc. is a California Corporation with a principal place of business in Santa Barbara, California.

5. Plaintiff Pat Fish is an individual doing business at Luckyfish, Inc., which is located in Santa Barbara, California.

6. Plaintiff Keltic Designs is a California Corporation with a principal place of business in San Francisco, California.

7. Plaintiff Jen Delyth is an individual doing business at Keltic Designs, which is located in San Francisco, California.

8. Upon information and belief, Defendant Captain Bret's Tattoo Shop, Inc. is a Rhode Island Corporation with a principal place of business at 2 Collins Street, Newport, Rhode Island 02840.

9. Upon information and belief, Defendant Bret A. Lohnes is an individual residing at 49 McCormick Road, Newport, Rhode Island, 02840.

///

10. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend his complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11. Plaintiffs are informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## NATURE OF ACTION

12. Plaintiffs seek injunctive relief, damages and a declaratory judgment based upon Defendants' unfair competition with Plaintiffs arising from Defendants' willful infringement and dilution of Plaintiffs' copyrighted marks. Defendants' willful infringement has impacted both upon Plaintiffs' rights directly as well as Plaintiffs' ability to maintain consumer satisfaction

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

**A. Plaintiffs' Copyrighted Designs**

13. Plaintiff Pat Fish has been a tattoo artist since 1984 and specializes in Celtic designs.

///

14. Ms. Fish operates a business called LuckyFish, Inc. and sells over 700 original tattoo designs on her website: www.luckyfishart.com. Attached as **Exhibit 1** are true and correct copies of Ms. Fish's copyrighted works.

15. The Luckyfish website showcases many photographs of Ms. Fish's work and brings in many clients from all over the world.

16. In or around late 2006, Ms. Fish opened a tattoo studio in Santa Barbara, California.

17. Ms. Fish is world renowned for her artwork, which has appeared in numerous magazines, newspapers, and on television.

18. Plaintiff Jen Delyth owns Keltic Designs, a California corporation in the business of creating high quality crafts integrating her finely detailed work into silver jewelry, cotton t-shirts, stationary, silk scarves, and fine art prints.

19. Keltic Designs sells to retail shops all over the world, including Wales, Britain, the United States, France, Italy, Japan, and Australia.

20. Ms Delyth's designs are available for purchase through her website: www.kelticdesigns.com.

21. Ms. Delyth is the owner of U.S. Registration No. VA 0001382088 for the **Tree of Life**mark. The Tree of Life was created by Ms. Delyth in 1990 and is one of her most well known and appreciated works. Attached a**Exhibit 2** is Ms. Delyth's copyrighted Tree of Life work.

22. Ms. Delyth allows Ms. Fish to sell some her designs on her website, with credit and royalties given to Ms. Delyth. Ms. Delyth's and Ms. Fish's artwork and designs will hereinafter be referred collectively as the "Copyrighted Works."

23. Plaintiffs have duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the work protected by the copyright laws.

///

///

**B. Defendants' Infringing Conduct**

24. In or around the summer of 2007, Plaintiffs discovered that Defendant Captain Bret's Tattoo Shop, Inc. had been selling various designs on its website, www.tribal-celtic-tattoo.com, that were identical or substantially similar to Plaintiffs' Copyrighted Works ("Infringing designs"). Attached as **Exhibit 3** are pictures of the Infringing Designs.

25. Ms. Delyth contacted Defendant Bret Lohnes, the owner of Captain Bret's Tattoo Shop, several times and requested that he remove her works from his page, but he refused to comply.

26. On or about November 15, 2007, Plaintiff's intellectual property counsel sent Defendants a cease and desist letter and requested that Defendants immediately cease and desist from further distribution and sale of the Infringing Designs. Plaintiffs further demanded that Defendants provide an accounting of all infringing designs sold as well as the price at which each infringing design was sold.

27. Defendants never responded to the letter nor did they cease and desist from using the Infringing Designs.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

28. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

29. As the owner of the Copyrighted Works, Plaintiffs are entitled to exclusive use of the designs without the unauthorized use by third parties. Since Plaintiffs' copyrighted works have all been showcased on their respective websites, Defendants had access to the work and upon information and belief Defendants have knowingly infringed uponPlaintiffs' Copyrighted Works by distributing and selling piratical copies of the designs through its on line storwww.tribal-celtic-tattoo.conto the public in violation of 17 U.S.C. §501.

31. Upon information and belief, the aforesaid infringement by Defendants of Plaintiffs' Copyrighted Works was and continues to be with the knowledge that such design is copyrighted and the Defendants, in doing the acts complained of herein, have willfully infringed upon Plaintiffs' rights under the Copyright Laws of the United States, Title 17 U.S.C. §101, et seq.

32. Defendants' Infringing Items are identical or substantially similar to Plaintiffs' Copyrighted Works. There can be no doubt that Plaintiffs' copyrighted design was employed to manufacture the molds used to make Defendants' piratical copies.

33. Defendants' infringement of Plaintiffs' Copyrighted Works is to the great and irreparable damage of Plaintiffs, and Plaintiffs are informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

34. Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

35. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Dilution)**

36. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37. By reason of the widespread popularity and unique quality of Plaintiffs' designs, they are recognized by the trade and consumers as being products designed and hand crafted by Plaintiffs.

38. Plaintiffs' works have become widely known among purchasers as articles that are designed by Plaintiffs. These products are known to be quality items, with unique designs, made with the highest quality materials, and embodying expert craftsmanship.

39. The goodwill of Plaintiffs and the favorable reputation residing in Plaintiffs' products are valuable assets belonging to Plaintiffs.

40. Upon information and belief, Plaintiffs allege that Defendants, with knowledge of the widespread recognition of Plaintiffs' products among the relevant segment of the market and with the specific intent to exploit that recognition, has undertaken to make and sell piratical copies of plaintiff's Copyrighted Works. It is Defendants' intention to have its ultimate purchasers believe that Defendants' Infringing Items are made by or associated with Plaintiffs.

41. By reason of Defendants' sale of copies of the Copyrighted Works, the public has been and is being mislead as to the nature and quality of goods being sold by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

42. By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendants with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiffs with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiffs.

43. Upon information and belief, Plaintiffs aver that Defendants have made false representations regarding their business and related goods and the connection

of such goods to Plaintiffs. Such representations were made in connection with commerce.

44. Defendants have made commercial use in commerce of Plaintiffs' Copyrighted Works, which began after Plaintiffs' Copyrighted works became distinctive and famous.

45. Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake, and deception among the relevant public as to the ownership, affiliation, and/or association of Defendants' Infringing Items with Plaintiffs; and (b) the loss of Plaintiffs' valuable goodwill and business reputation symbolized by Plaintiff's Copyrighted Works.

46. Plaintiffs have suffered loss of profits and other damage, and Defendants has earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

47. Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(For Injury to Business Reputation and Dilution)**

48. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49. Defendants' use of the Plaintiffs' Copyrighted Works in connection with its merchandise is likely to cause injury to Plaintiffs' business reputation and dilute the distinctive quality of Plaintiffs' Marks in violation of California trademark law, including Business and Professions Code Section 14330 and the common law.

50. Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury.

51. Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

52. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

53. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (For Unfair Competition and Unfair Practices)

54. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

55. Defendants have engaged in unfair business practices by the acts herein alleged. Plaintiffs allege upon information and belief that such acts will continue unless restrained by this Court.

56. Defendants' acts have impaired Plaintiffs' goodwill, have created a likelihood of confusion, are likely to confuse the public, and have otherwise adversely affected Plaintiffs' business and reputation by use of unfair and fraudulent business practices in violation of California Business & Professions Code, including Sections 17200 to 17208, and the common law.

57. Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs suffer great and irreparable damage and injury.

58. Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants. However, on the statutory unfair competition claim, Plaintiffs seek only disgorgement of profits, and does not seek damages at law.

61. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62. The acts complained of above constitute unjust enrichment of Defendants at Plaintiffs' expense, in violation of the common law of the State of California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against Defendants that:

A. Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

(1) Using Plaintiffs' Copyrighted Works or any copyrighted designs owned by Plaintiffs;

(2) Distributing, promoting, advertising, and selling any product substantially similar or identical to Plaintiffs' Copyrighted Works or any copyrighted designs owned by Plaintiffs;

(3) Falsely representing and falsely designating the origin of Defendants' goods;

(4) Diluting or infringing the rights of Plaintiffs in and to any of Plaintiffs' Copyrighted Works or otherwise damaging Plaintiffs' goodwill or business reputation; or

(5) Otherwise competing unfairly with Plaintiffs in any manner.

B. Defendants be required to deliver to Plaintiffs' attorneys for destruction Defendants' entire inventory of infringing and unauthorized products, packaging, and labeling.

C. Defendants, within thirty (30) days after the service of the judgment herein, be required to file with this Court and serve upon Plaintiffs' attorneys a written report under oath setting forth in detail the manner in which they have complied with the judgment.

D. Plaintiffs recover its lost profits and actual damages in an amount to be proven at trial from Defendants (except that restitution only, and not money damages, is requested in connection with the California statutory unfair-competition claims), that Defendants be required to account for any of its profits that are attributable to Defendants' acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117, 18 U.S.C. §1864, and Cal. Bus. & Prof. Code §14340, including interest thereon at the maximum rate permitted by law.

E. Defendants be required to disgorge their profits (as to the California unfair-competition claim).

F. The Court award Plaintiffs punitive damages in connection with its California State law claims.

G. Plaintiffs recover its attorneys' fees.

H. Plaintiffs recover statutory damages.

I. Plaintiffs recover its taxable costs and disbursements herein.

J. The Court grant Plaintiffs such other and further relief as the Court deems just and proper.

DATED: January 2, 2008

BLAKELY LAW GROUP

By: ______________________

Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiffs***

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: January 2, 2008

BLAKELY LAW GROUP

By: ______________________

Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiffs***

# PAT FISH"S COPYRIGHTED WORKS

## UNBLOCKED SUN




## ANCIENT VORTEX




## DRAGON WHEEL




## CELTIC ELEGANCE




## GIRLY BITS




## MYSTIC RIVER WHIRLING SUN




## KNOTWORK SHAMROCK




EXHIBIT 1

**JEN DELYTH'S TREE OF LIFE**






EXHIBIT 2

**DEFENDANT'S INFRINGING DESIGNS**

| Infringing Work | Copyrighted Work |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

EXHIBIT 3

| | |
|---|---|
|  | IMG 115 |
|  |  |
|   | www.luckyfishart.com |







They are are both the copyrighted LOGO of Jen Delyth of

http://www.kelticdesigns.com/

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV08- 23 RGK (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
[illegible]KYFISH, INC., PAT FISH, KELTIC DESIGNS, and JEN [illegible]

DEFENDANTS
CAPTAIN BRET'S TATTOO SHOP, INC. and BRET A. LOHNES

(b) [illegible] of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
[illegible] Barbara

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Rhode Island

[illegible] Firm Name, Address and Telephone Number. If you are representing [illegible] provide same.)
[illegible]AKELY LAW GROUP
[illegible] North Citrus Avenue
[illegible], California 90038
[illegible] (323) 464-7400

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an X in one box only.)

- ☐ 1 [illegible] Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 [illegible] Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

✓ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No ☐ MONEY DEMANDED IN COMPLAINT: $ 150,000.00 +

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
[illegible] 501 - Copyright Infringement

VII. NATURE OF SUIT (Place an X in one box only.)

**OTHER STATUTES**
- [illegible] Reapportionment
- [illegible]
- [illegible] Banking
- [illegible] ICC
- [illegible]
- [illegible] Influenced [illegible]
- [illegible]
- [illegible] Credit
- [illegible] Sat TV
- [illegible] Service
- [illegible] Commodities
- [illegible] Challenge 12 [illegible]
- [illegible] Statutory Actions
- [illegible] Act
- [illegible] Stabilization
- [illegible] Matters
- [illegible] Allocation Act
- [illegible] of Info. Act
- [illegible] Fee Determi-[illegible] Equal [illegible] Justice
- [illegible] of [illegible]

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☑ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
[illegible] number(s):

FOR OFFICE USE ONLY: Case Number: ______________________



CV08-00023

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

[illegible] **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

[illegible] case number(s): ______________________________

[illegible] are deemed related if a previously filed case and the present case:
[illegible] apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

[illegible] VENUE: List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
[illegible] the U.S. government, its agencies or employees is a named plaintiff.
[illegible] - Santa Barbara, CA
[illegible] - Santa Barbara, CA
[illegible] Designs - San Francisco, CA
[illegible] - San Francisco, CA

[illegible] County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
[illegible] the U.S. government, its agencies or employees is a named defendant.
[illegible] Tattoo Shop, Inc. - Rhode Island
[illegible] - Rhode Island

[illegible] California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
[illegible] condemnation cases, use the location of the tract of land involved.
[illegible] of action arose in Santa Barbara, California

[illegible] **SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** 1/2/08

[illegible] to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings [illegible] papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not [illegible] used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions

[illegible] codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| [illegible] | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| [illegible] | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| [illegible] | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| [illegible] | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| [illegible] | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| [illegible] | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |