IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRET A. LOHNES<br>d/b/a CAPTAIN BRET'S<br>TATTOO SHOP, INC.,<br><br>Plaintiff, | ) | |
| v. | ) | C.A. No. 08-128-T |
| LUCKYFISH, INC. and<br>PAT FISH,<br><br>Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO STAY PROCEEDINGS**

Plaintiff Bret A. Lohnes hereby opposes Defendants' Motion to Stay proceedings in this case, for the reasons set forth in the attached supporting Memorandum, with attachments as detailed therein.

Bret A. Lohnes
By his Attorneys,

Date: June 23, 2008

/s/Joshua A. Stockwell

By: Joshua A. Stockwell (#7091)
BARLOW, JOSEPHS AND HOLMES, LTD.
101 Dyer Street, Fifth Floor
Providence RI 02903
401-273-4446 (tel)
401-273-4447 (fax)
jas@barjos.com

Michael de Angeli (*pro hac vice*)
MICHAEL M. DE ANGELI, P.C.
60 Intrepid Lane
Jamestown RI 02835
401-423-3190 (tel)
401-423-3191 (fax)
mdeange@cox.net

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRET A. LOHNES<br>d/b/a CAPTAIN BRET'S<br>TATTOO SHOP, INC.,<br><br>Plaintiff,<br>v.<br><br>LUCKYFISH, INC., and<br>PAT FISH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-128-T |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

## I. Introduction

As set forth in Defendants' Motion to Stay, this action and the case previously filed in the Central District of California by Defendants herein and others (collectively "Fish et al.") against Plaintiff herein and his employer, Captain Bret's Tattoo Shop, Inc., (collectively "Lohnes et al."), case CV 08-23-RGK (RCx), (the "California case") do indeed both concern rights in the service mark "Be Art - Get a Tattoo". However, the California case includes a number of other issues and parties, and so is hardly duplicative of the present action. Moreover, Lohnes et al. are in the process of preparing well-grounded motions in the California case, which, when granted, will reduce the issues and parties in that case to the point that there will be no overlap with the present action and hence no reason to stay it.

## II. Statement of Facts

The First Amended Complaint filed by Fish et al. in the California case[1] ("FAC") (attached as Exhibit A) includes certain basic allegations, as follows:

An individual, Jen Delyth, named as a plaintiff in the California case but not involved in the present case, owns U.S. Copyright Registration No. VA 0001382088 for a "Tree of Life" design. (FAC, ¶ 22) Pat Fish, plaintiff in the California case and a defendant here, claims to possess copyright in a number of tattoo designs. (FAC, ¶ 14; Exhibit 1). Delyth's and Fish's designs are collectively referred to in the Complaint as the "Copyrighted Works." (FAC, ¶ 23) Defendants Lohnes et al. are accused of selling identical or substantially similar tattoo designs. (FAC, ¶ 25, Exhibit 3).

Fish also alleges use of the "slogan 'Be ART! Get a Tattoo' to promote her artwork and business for many years as well" (FAC, ¶ 18) and accuses Captain Bret's Tattoo Shop, Inc. of using Fish's slogan on "his" website (FAC, ¶ 26).

The FAC recites four separately-named causes of action, as follows:

Fish et al.'s first claim for relief (FAC, ¶ ¶ 31 - 38) alleges infringement under the U. S. copyright laws, 17 USC § 101 et seq., of the "Copyrighted Works", that is, Delyth's registered design as well as Fish's unregistered designs.

Fish et al.'s second claim for relief (FAC, ¶ ¶ 39 - 51, subtitled False Designation of Origin and Dilution) alleges that by selling "piratical copies" of their "Copyrighted Works", coupled with use of Fish's "Be ART! Get a Tattoo" slogan, Defendants have misled the public as

[1] The Complaint filed by Fish et al. accompanying the present Motion to Stay is evidently their original complaint, which was never served on Lohnes et al. Interestingly, this original complaint does not mention the "Be ART! Get a Tattoo" slogan. A copy of the actual First Amended Complaint is provided as Attachment A for the Court's convenience.

to the source of "goods" sold by Lohnes et al., in violation of the Lanham Act, 15 USC § 1051 *et seq*., and alleges false designation of origin.

Fish et al.'s third claim for relief (FAC, ¶ ¶ 52 - 57, subtitled For Injury to Business Reputation and Dilution) alleges that Lohnes et al.'s use of the "Copyrighted Works", coupled with use of Fish's "Be ART! Get a Tattoo" slogan, is likely to cause damage to Fish et al.'s business reputation and "dilute the distinctive quality of Fish et al.'s Marks" in violation of California trademark law.

Finally, Fish et al.'s fourth claim for relief (FAC, ¶ ¶ 58 - 66, subtitled For Unfair Competition and Unfair Practices) simply alleges that the conduct described previously constitutes unfair and fraudulent business practices under California law.

Lohnes is in the process of preparing a first motion[2] to dismiss him personally from the California case on the ground that he is not subject to jurisdiction and venue there, and that he as an employee of Captain Bret's Tattoo Shop, Inc. is shielded from personal liability. If granted, Lohnes, plaintiff herein, would no longer be a party to the California case and there would be no duplication of the causes of action.

Lohnes is likewise in the process of preparing a second motion, for partial summary judgment on the ground that Fish's copyright and trademark claims are barred and that all of the appurtenant California state law claims are precluded by federal law. If granted, this would leave Delyth's claim for infringement of her registered copyright as the sole remaining cause of action

[2] Under California Local Rule 7 -3 the parties are required to confer twenty days before filing any motions in order to attempt to reduce the actual issues. Lohnes has initiated this process but the twenty-day period will not expire until after the due date for this Opposition. Hence it is not possible to attach copies of Lohnes' motions as filed, as one would ordinarily do.

in the California case. That is not at issue here and therefore there would again be no duplication of action.

## III. Argument

**The Standard to be Applied**

It is well established that "a court may stay proceedings as part of its inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' *Landis v. North Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Use of this power 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' *Id.* at 254-55. It is within a district court's discretion to grant or deny such a stay. *See Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1105 (9th Cir. 2005)". ASUSTek Computer Inc. v. Ricoh Co., Ltd, 2007 WL 4190689 (N.D.Cal. 2007). However, the Court should restrain the use of its inherent power where the movant has not met his initial burden of showing that the two actions are indeed duplicative of each other, or where the opposer has successfully rebutted it. As set forth below, Defendant has not met its burden and/or Plaintiff has rebutted it.

### A. The Motion to Stay Should Be Denied Because the Parties Will Be Different When Lohnes is Dismissed from the California Case.

As set forth in the accompanying Affidavit of Bret A. Lohnes (prepared for filing in the California case in connection with the motion to dismiss him as an individual defendant discussed above) (attached as Exhibit B), he is the president and sole employee of Captain Bret's Tattoo Shop, Inc. ("Captain Bret's"), a Rhode Island corporation. The basic business activities of Captain Bret's are the provision of tattoo services, which are provided in a studio maintained by

Captain Bret's in Newport, Rhode Island, the sale of individual tattoo designs over the Internet from Captain Bret's website <www.tribal-celtic-tattoo.com>, and the sale of books and CD-ROMs, which are compilations of tattoo designs. Defendant Lohnes is the individual who physically applies tattoos *per se* to clients on behalf of Captain Bret's. Defendant Lohnes is also the person who oversees the placement of individual tattoo designs on Captain Bret's website, and who compiles tattoo designs to make up the books and CD-ROMs that Captain Bret's sells.

However, all business operations carried out by Lohnes are performed in Rhode Island, and are so performed in his capacity as an employee of Captain Bret's. Captain Bret's collects all revenues, makes all contracts for purchase and sale of goods, and maintains relations with the Yahoo Store through which all Internet sales are made. In particular, Lohnes has no personal relation of any kind with customers in the state of California, or any other contacts with California which could be alleged to give rise to jurisdiction and venue in this case. All business is carried out by and in the name of Captain Bret's.

Fish et al.'s FAC in the California case (para. 2) alleges that "This Court has personal jurisdiction over [Lohnes et al.] because [Lohnes et al.] reside in the State of California and/or do business within this judicial district" and (para. 3) that "This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by [Lohnes et al.] within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district." Neither is true as to Defendant Lohnes.[3] Lohnes is not a California resident and does no business there. Moreover, Defendant Lohnes neither advertises, offers for sale, sells nor distributes products within California. To the extent Lohnes assists

---

[3] Defendant Captain Bret's corresponding arguments concerning the impropriety of jurisdiction and venue in the California action are reserved.

Captain Bret's in fulfillment of Internet sales, some of which may well involve delivery of product to customers in California, he does so solely as an employee of Captain Bret's. An employee of a corporation does not become subject to personal jurisdiction simply for that reason. *Calder v. Jones*, 465 US 783, 790, 104 S.Ct. 1482, 1487 (1984); *Davis v. Metro Productions, Inc.* 885 F.2d 515, 521 (9th Cir. 1989). The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents and employees are suable locally as well.). The fact that Lohnes is the sole employee of Captain Bret's and is also its President does not serve to alter this general rule. See *Club Car, Inc. v. Club Car (Quebec) Import, Inc.* 362 F3d 775, 784 (11th Cir. 2004) (Nor is a nonresident individual subject to personal jurisdiction based solely upon acts in the forum state undertaken in his or her corporate capacity.)

Given that Lohnes should be dismissed as an individual defendant in the California case, there will then be different parties in the California and Rhode Island actions. The Rhode Island action will then not be in any way duplicative of the California case, and Fish et al.'s motion to stay the present Rhode Island case should be denied.

### B. The Motion to Stay Should be Denied Because Fish's Claims for Copyright Violation, Lanham Act Violation, and Appurtenant California State Law Claims Will Probably be Dismissed by the California District Court.

Fish et al.'s FAC in the California case attempts to bootstrap arguments alleging infringement of unregistered copyrights and a trademark which in fact is the property of Lohnes on a single adequately-pleaded cause of action, that for infringement of Delyth's registered "Tree of Life" design, and goes on from there to assert various kinds of wrongful acts under the federal Lanham Act and California law. These additional claims are barred by the very federal statutes

relied upon by Fish et al. Lohnes et al.'s motion for partial summary judgment in the California case seeks to have the barred claims dismissed, such that the issues for trial are reduced to those actually actionable. The result will be that Delyth will be the only plaintiff, and her "Tree of Life" design the only work at issue. In that event, the will be no commonality of subject matter between the California case and the present Rhode Island case, which asserts only rights in Lohnes' federally registered "Be Art- Get a Tattoo" service mark.

Turning more specifically to the claims of Fish et al.'s FAC in the California case, and addressing Fish et al.'s claims for relief in order:

(i) The California Court Lacks Subject Matter Jurisdiction over Fish's Claim of Copyright Infringement Because the Designs are Not Copyrighted

As summarized above, the first claim for relief seeks remedies under the federal Copyright Act for infringement of what Fish et al. term the "Copyrighted Works", that is, Delyth's registered "Tree of Life" design plus Fish's unregistered designs. 17 USC § 411 precludes action alleging copyright in unregistered designs: "[N]o action for the infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made…" Fish does not allege registration or preregistration of any of the works in which she alleges copyright, and summary judgment dismissing Fish's claim is the proper remedy. *Murray Hill Publ'ns, Inv. v. ABC Communications, Inc.*, 264 F.3d 622, 629-32 (6th Cir. 2001) (Plaintiff's failure to register song as derivative work divested court of jurisdiction); *Foraste v. Brown University*, 248 F.Supp.2d 71, 75-76 (D.R.I. 2003). Nor may Fish allege infringement in her "works" under any California statute or common law, per 17 U.S.C § 301(a): "On and after January 1, 1978, all legal or equitable rights…within the general scope of

copyright...are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." Moreover, Fish et al. does not even allege that an application for registration has been filed at the time of initiating the California action. Accordingly the California District Court should dismiss the counts related to Fish et al.'s unregistered works.

(ii) Fish's Claims Based on the Slogan are Barred By Lohnes' Registration under 15 U.S.C. § 1125

Fish et al.'s second claim for relief, as above, alleges violations of the federal Lanham Act, 15 U.S.C. § 1051 *et seq*., in the nature of false designation of origin and dilution, based on Lohnes et al.'s alleged use of the Copyrighted Works in combination with Fish's unregistered slogan "Be ART! Get a Tattoo". As immediately above, Fish's unregistered designs cannot be relied upon to support this cause of action. Further, Defendant Lohnes is the actual owner of the service mark "Be Art - Get a Tattoo", as asserted by his complaint herein. Hence, if any party is guilty of false designation of origin or dilution based on the use of this mark, it is Fish, not Lohnes.

More specifically, ¶ 48 of the California FAC alleges that "[Lohnes et al.] have made commercial use in commerce of [Fish et al.'s] Copyrighted Works, which began after [Fish et al.'s] Copyrighted Works became distinctive and famous". Reference to the "Copyrighted Works" as "distinctive and famous" is apparently an attempt to apply trademark principles to copyrighted works, since the terminology "distinctive" and "famous" appears in the trademark law, at 15 U.S.C. §1125. Fish et al. would thus have the Court believe that the remedies available under

*trademark* law - that is, enjoinder of use of a mark the use of which would "dilute" the value of a famous mark - should be employed here with respect to Plaintiffs' "*Copyrighted* Works".

In any event, as above, Defendant Lohnes is the owner of the registration for the "Be Art- Get a Tattoo" mark, and Fish cannot bring a suit for infringement in her uncopyrighted works. Fish et al.'s second claim for relief, seeking to restrain Lohnes et al. from their use of his registered service mark based on Fish et al.'s later, unregistered slogan, should be dismissed by the California District Court.

(iii) Fish' California Dilution Claims are Explicitly Barred by 15 U.S.C. § 1125(c)(6)

As above, Fish et al.'s third claim for relief alleges that Lohnes et al.'s use of the "Copyrighted Works", again coupled with use of Fish's "Be ART! Get a Tattoo" slogan, is likely to cause damage to Fish et al.'s business reputation and "dilute the distinctive quality of [Fish et al.'s] Marks" in violation of California trademark law.

The only "mark", that is, trademark, asserted by Fish et al. is Fish et al.'s "Be ART! Get a Tattoo" slogan. Lohnes' ownership of the registration for the "Be Art- Get a Tattoo" mark is a complete bar to Fish et al.'s attempt to rely on this slogan as part of their state law cause of action, under 15 U.S.C. § 1125(c)(6):

> The ownership by a person of a valid registration…shall be a complete bar to any action against that person, with respect to that mark, that -
> (A)(i) is brought by another person under the common law or a statute of a State; and
> (ii) seeks to prevent dilution by blurring or dilution by tarnishment

Furthermore, as above, 17 U.S.C § 301(a) makes it clear that federal law bars any assertion of rights in the nature of copyright under state law: " On and after January 1, 1978, all legal or equitable rights…within the general scope of copyright...are governed exclusively by

this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."

Fish et al.'s third claim for relief is thus explicitly barred and should be summarily dismissed by the California District Court.

(iv) Fish's California Business Practices Claims Are Barred

Finally, Fish et al.'s fourth claim for relief simply alleges that the conduct described previously constitutes unfair and fraudulent business practices under California statutory and common law. Given that, as above, Fish et al. are asserting infringement of copyrights that are unregistered and therefore unenforceable, and which in any case cannot support a cause of action under state law, and of a slogan which they are using in clear contravention of Lohnes' superior rights therein, and noting in particular that 15 U.S.C. § 1125(c) (6) bars state law claims asserting dilution of a trademark against the registrant, it is difficult if not impossible to perceive any way in which Fish et al. can prevail on a state law unfair competition theory.

Further, it is clear that Fish et al.'s state law claims are an attempt to mislabel what are actually simple allegations of copyright infringement as misrepresentations of origin. The simplest way for the Court to evaluate this claim is simply to view Captain Bret's website, www.tribal-celtic-tattoo-com; it will be immediately apparent that there is no possibility that a consumer could be misled to think he or she was visiting Fish's web site, or buying goods from any party other than Captain Bret's Tattoo Shop, Inc. Under these circumstances the appurtenant state law claims must be dismissed. The case law is clear. *See Motown Record Corp. v. Hormel*, 657 F. Supp. 1236; 1987 U.S. Dist. LEXIS 4787; 3 U.S.P.Q.2D (BNA) 1124 (Cal CD 1987) (claims based on violation of the Copyright Act [17 U.S.C. § 101 et seq.] are preempted); *Kregos*

*v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) ("§ 301 preempts unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression"); *Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 933-34 (S.D.N.Y. 1996) ("A claim that a defendant has reproduced the plaintiff's work and sold it under the defendant's name-even if denominated as 'passing off' by the plaintiff...is in fact a disguised copyright infringement claim" and therefore preempted); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998) (same).

Accordingly, Fish et al.'s fourth claim for relief should be dismissed by the California District Court.

Thus, as above, if Lohnes et al.'s motion for partial summary judgment is granted, the only remaining cause of action in the California case will be Delyth's claim for copying of her registered "Tree of Life" design, and if Lohnes' motion for dismissal as an individual defendant is granted, Captain Bret's Tattoo Shop, Inc. will be the only defendant. There will then be complete disparity of parties and subject matter between the California and Rhode Island cases, and accordingly no reason to stay the Rhode Island case.

## IV. Conclusion

Plaintiff Lohnes respectfully submits that he has shown that, when the California case is properly considered, there is in fact no commonality of legitimate causes of action or of parties. The Court is respectfully requested to deny Fish et al.'s motion to stay this action.

Respectfully Submitted

Bret A. Lohnes,
By his Attorneys,

Dated: June 23, 2008

/s/Joshua A. Stockwell

By: Joshua A. Stockwell (#7091)
BARLOW, JOSEPHS AND HOLMES, LTD.
101 Dyer Street, Fifth Floor
Providence RI 02903
401-273-4446 (tel)
401-273-4447 (fax)
jas@barjos.com

Michael de Angeli (*pro hac vice*)
MICHAEL M. DE ANGELI, P.C.
60 Intrepid Lane
Jamestown RI 02835
401-423-3190 (tel)
401-423-3191 (fax)
mdeange@cox.net

**CERTIFICATE OF SERVICE**

I hereby certify that the above PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS, memorandum of law in support thereof and attachments were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), including those listed below, and on counsel for defendant Brent Blakely by e-mail to bblakely@blakelylawgroup.com on this 23rd day of June, 2008.

**James H. Reilly**
**Donald J. Maroney**
KELLY, KELLEHER, REILLEY & SIMPSON
146 Westminster Street, Suite 500
Providence, RI 02903

**Brent H. Blakely**
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, CA 90038
Email: bblakely@blakelylawgroup.com

Date: June 23, 2008 /s/Joshua A. Stockwell

Joshua A. Stockwell