**EXHIBIT**

**A**

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
***Attorneys for Plaintiffs Pat Fish and Jen Delyth***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCKYFISH, INC., a California Corporation; PAT FISH, an individual; KELTIC DESIGNS, a California Corporation; and JEN DELYTH, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>CAPTAIN BRET'S TATTOO SHOP, INC., a Rhode Island Corporation; BRET A. LOHNES, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 08-0023 RGK (RCx)<br><br>**FIRST AMENDED COMPLAINT:**<br><br>***1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et. seq.);***<br><br>***2. TRADEMARK DILUTION AND UNFAIR COMPETITION (15 U.SC. §1125);***<br><br>***3. INJURY TO BUSINESS REPUTATION AND DILUTION (Cal. Bus. & Prof. Code §14330);***<br><br>***4. UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208);***<br><br>***5. UNJUST ENRICHMENT***<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Luckyfish, Inc., Pat Fish, Keltic Designs, and Jen Delyth for their claims against Defendants Captain Bret's Tattoo Shop, Inc., and Bret A. Lohnes, respectfully allege as follows:

/ / /

/ / /

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendants for Copyright Infringement under 17 U.S.C. § 101, et seq. and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 et seq. and 15 U.S.C. § 1121, as well as 28 U.S.C. § 1338(a).

2. This Court has personal jurisdiction over Defendants because Defendants reside in the State of California and/or do business within this judicial district.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Luckyfish, Inc. is a California Corporation with a principal place of business in Santa Barbara, California.

5. Plaintiff Pat Fish is an individual doing business at Luckyfish, Inc., which is located in Santa Barbara, California.

6. Plaintiff Keltic Designs is a California Corporation with a principal place of business in San Francisco, California.

7. Plaintiff Jen Delyth is an individual doing business at Keltic Designs, which is located in San Francisco, California.

8. Upon information and belief, Defendant Captain Bret's Tattoo Shop, Inc. is a Rhode Island Corporation with a principal place of business at 2 Collins Street, Newport, Rhode Island 02840.

9. Upon information and belief, Defendant Bret A. Lohnes is an individual residing at 49 McCormick Road, Newport, Rhode Island, 02840.

/ / /

10. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend his complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11. Plaintiffs are informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## NATURE OF ACTION

12. Plaintiffs seek injunctive relief, damages and a declaratory judgment based upon Defendants' unfair competition with Plaintiffs arising from Defendants' willful infringement and dilution of Plaintiffs' copyrighted marks. Defendants' willful infringement has impacted both upon Plaintiffs' rights directly as well as Plaintiffs' ability to maintain consumer satisfaction

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

### A. Plaintiffs' Copyrighted Designs

13. Plaintiff Pat Fish has been a tattoo artist since 1984 and specializes in Celtic designs.

/ / /

14. Ms. Fish operates a business called LuckyFish, Inc. and sells over 700 original tattoo designs on her website: www.luckyfishart.com. Attached as **Exhibit 1** are true and correct copies of Ms. Fish's copyrighted works.

15. The Luckyfish website showcases many photographs of Ms. Fish's work and brings in many clients from all over the world.

16. In or around 1986, Ms. Fish opened a tattoo studio in Santa Barbara, California.

17. Ms. Fish is world renowned for her artwork, which has appeared in numerous magazines, newspapers, and on television.

18. Ms. Fish has been using the slogan "Be ART! Get a Tattoo!" to promote her artwork and business for many years as well. This slogan is featured prominently on her websites: www.luckyfishart.com as well as www.luckyfish.com.

19. Plaintiff Jen Delyth owns Keltic Designs, a California corporation in the business of creating high quality crafts integrating her finely detailed work into silver jewelry, cotton t-shirts, stationary, silk scarves, and fine art prints.

20. Keltic Designs sells to retail shops all over the world, including Wales, Britain, the United States, France, Italy, Japan, and Australia.

21. Ms Delyth's designs are available for purchase through her website: www.kelticdesigns.com.

22. Ms. Delyth is the owner of U.S. Registration No. VA 0001382088 for the **Tree of Life** mark. fThe Tree of Life was created by Ms. Delyth in 1990 and is one of her most well known and appreciated works. Attached as **Exhibit 2** is Ms. Delyth's copyrighted Tree of Life work.

23. Ms. Delyth allows Ms. Fish to sell some her designs on her website, with credit and royalties given to Ms. Delyth. Ms. Delyth's and Ms. Fish's artwork and designs will hereinafter be referred collectively as the "Copyrighted Works."

/ / /

/ / /

24. Plaintiffs have duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the work protected by the copyright laws.

**B. Defendants' Infringing Conduct**

25. In or around the summer of 2007, Plaintiffs discovered that Defendant Captain Bret's Tattoo Shop, Inc. had been selling various designs on its website, www.tribal-celtic-tattoo.com, that were identical or substantially similar to Plaintiffs' Copyrighted Works ("Infringing designs"). Attached as **Exhibit 3** are pictures of the Infringing Designs.

26. Ms. Fish also discovered that Defendant had been using her "Be ART! Get a Tattoo!" slogan on his website to promote his artwork as well. Ms. Fish had been using said slogan long before Defendant's use, and many have come to identify and associate the slogan with Ms. Fish.

27. Ms. Delyth contacted Defendant Bret Lohnes, the owner of Captain Bret's Tattoo Shop, several times and requested that he remove her works from his page, but he refused to comply.

28. On or about November 15, 2007, Plaintiff's intellectual property counsel sent Defendants a cease and desist letter and requested that Defendants immediately cease and desist from further distribution and sale of the Infringing Designs as well as refrain from using Ms. Fish's "Be ART! Get a Tattoo!" slogan. Plaintiffs further demanded that Defendants provide an accounting of all infringing designs sold as well as the price at which each infringing design was sold.

29. Defendants never responded to the letter nor did they cease and desist from using the Infringing Designs.

30. Upon information and belief, Defendant's website continues to feature Ms. Fish's "Be ART! Get a Tattoo!" slogan as well as offer for sale the Infringing Designs

/ / /

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement)

31. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32. As the owner of the Copyrighted Works, Plaintiffs are entitled to exclusive use of the designs without the unauthorized use by third parties. Since Plaintiffs' copyrighted works have all been showcased on their respective websites, Defendants had access to the work and upon information and belief Defendants have knowingly infringed upon Plaintiffs' Copyrighted Works by distributing and selling piratical copies of the designs through its on line store www.tribal-celtic-tattoo.com to the public in violation of 17 U.S.C. §501.

33. Upon information and belief, Defendants have intentionally, knowingly and willfully copied Plaintiffs' Copyrighted Works to benefit from the widespread popularity of Plaintiffs' designs and to capitalize upon it.

34. Upon information and belief, the aforesaid infringement by Defendants of Plaintiffs' Copyrighted Works was and continues to be with the knowledge that such design is copyrighted and the Defendants, in doing the acts complained of herein, have willfully infringed upon Plaintiffs' rights under the Copyright Laws of the United States, Title 17 U.S.C. §101, et seq.

35. Defendants' Infringing Items are identical or substantially similar to Plaintiffs' Copyrighted Works. There can be no doubt that Plaintiffs' copyrighted design was employed to manufacture the molds used to make Defendants' piratical copies.

36. Defendants' infringement of Plaintiffs' Copyrighted Works is to the great and irreparable damage of Plaintiffs, and Plaintiffs are informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

/ / /

37. Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

38. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Dilution)

39. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. By reason of the widespread popularity and unique quality of Plaintiffs' designs, they are recognized by the trade and consumers as being products designed and hand crafted by Plaintiffs.

41. Plaintiffs' works have become widely known among purchasers as articles that are designed by Plaintiffs. These products are known to be quality items, with unique designs, made with the highest quality materials, and embodying expert craftsmanship.

42. Ms. Fish had been using the "Be ART! Get a Tattoo!" slogan long before Defendant's use, and many have come to identify and associate the slogan with Ms. Fish, as it is prominently featured on all her websites.

43. The goodwill of Plaintiffs and the favorable reputation residing in Plaintiffs' products are valuable assets belonging to Plaintiffs.

44. Upon information and belief, Plaintiffs allege that Defendants, with knowledge of the widespread recognition of Plaintiffs' products among the relevant segment of the market and with the specific intent to exploit that recognition, has undertaken to make and sell piratical copies of plaintiff's Copyrighted Works coupled by the use of Pat Fish's "Be ART! Get a Tattoo!" slogan. It is Defendants' intention to have its ultimate purchasers believe that Defendants' Infringing Items are made by or associated with Plaintiffs.

/ / /

45. By reason of Defendants' sale of copies of the Copyrighted Works as well as misappropriation of Ms. Fish's slogan, the public has been and is being mislead as to the nature and quality of goods being sold by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

46. By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendants with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiffs with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiffs.

47. Upon information and belief, Plaintiffs aver that Defendants have made false representations regarding their business and related goods and the connection of such goods to Plaintiffs. Such representations were made in connection with commerce.

48. Defendants have made commercial use in commerce of Plaintiffs' Copyrighted Works, which began after Plaintiffs' Copyrighted works became distinctive and famous.

49. Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake, and deception among the relevant public as to the ownership, affiliation, and/or association of Defendants' Infringing Items with Plaintiffs; and (b) the loss of Plaintiffs' valuable goodwill and business reputation symbolized by Plaintiff's Copyrighted Works.

/ / /

/ / /

50. Plaintiffs have suffered loss of profits and other damage, and Defendants has earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

51. Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(For Injury to Business Reputation and Dilution)**

52. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

53. Defendants' use of the Plaintiffs' Copyrighted Works as well as Ms. Fish's "Be ART! Get a Tattoo!" slogan in connection with its merchandise is likely to cause injury to Plaintiffs' business reputation and dilute the distinctive quality of Plaintiffs' Marks in violation of California trademark law, including Business and Professions Code Section 14330 and the common law.

54. Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury.

55. Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

56. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

57. Plaintiffs have no adequate remedy at law.

/ / /

/ / /

/ / /

**FOURTH CLAIM FOR RELIEF**

**(For Unfair Competition and Unfair Practices)**

58. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

59. Defendants have engaged in unfair business practices by the acts herein alleged. Plaintiffs allege upon information and belief that such acts will continue unless restrained by this Court.

60. Defendants' acts have impaired Plaintiffs' goodwill, have created a likelihood of confusion, are likely to confuse the public, and have otherwise adversely affected Plaintiffs' business and reputation by use of unfair and fraudulent business practices in violation of California Business & Professions Code, including Sections 17200 to 17208, and the common law.

61. Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs suffer great and irreparable damage and injury.

62. Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants. However, on the statutory unfair competition claim, Plaintiffs seek only disgorgement of profits, and does not seek damages at law.

63. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

64. Plaintiffs have no adequate remedy at law.

/ / /

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

65. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66. The acts complained of above constitute unjust enrichment of Defendants at Plaintiffs' expense, in violation of the common law of the State of California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against Defendants that:

A. Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

(1) Using Plaintiffs' Copyrighted Works or any copyrighted designs owned by Plaintiffs;

(2) Distributing, promoting, advertising, and selling any product substantially similar or identical to Plaintiffs' Copyrighted Works or any copyrighted designs owned by Plaintiffs;

(3) Falsely representing and falsely designating the origin of Defendants' goods;

(4) Diluting or infringing the rights of Plaintiffs in and to any of Plaintiffs' Copyrighted Works or otherwise damaging Plaintiffs' goodwill or business reputation;

(5) Using the slogan "Be Art - Get a Tattoo" or any variation thereof on its websites, merchandise, artwork, or any other medium used to promote its business; or

(6) Otherwise competing unfairly with Plaintiffs in any manner.

/ / /

/ / /

B. Defendants be required to deliver to Plaintiffs' attorneys for destruction Defendants' entire inventory of infringing and unauthorized products, packaging, and labeling.

C. Defendants, within thirty (30) days after the service of the judgment herein, be required to file with this Court and serve upon Plaintiffs' attorneys a written report under oath setting forth in detail the manner in which they have complied with the judgment.

D. Plaintiffs recover its lost profits and actual damages in an amount to be proven at trial from Defendants (except that restitution only, and not money damages, is requested in connection with the California statutory unfair-competition claims), that Defendants be required to account for any of its profits that are attributable to Defendants' acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117, 18 U.S.C. §1864, and Cal. Bus. & Prof. Code §14340, including interest thereon at the maximum rate permitted by law.

E. Defendants be required to disgorge their profits (as to the California unfair-competition claim).

F. The Court award Plaintiffs punitive damages in connection with its California State law claims.

G. Plaintiffs recover its attorneys' fees.

H. Plaintiffs recover statutory damages.

I. Plaintiffs recover its taxable costs and disbursements herein.

J. The Court grant Plaintiffs such other and further relief as the Court deems just and proper.

DATED: January 2, 2008 BLAKELY LAW GROUP

By: _______/s/_______________
Cindy Chan
***Attorneys for Plaintiffs***

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: January 2, 2008 BLAKELY LAW GROUP

By: ______/s/__________________
Cindy Chan
***Attorneys for Plaintiffs***

# PAT FISH'S COPYRIGHTED WORKS

**UNBLOCKED SUN**




**ANCIENT VORTEX**




**DRAGON WHEEL**




**CELTIC ELEGANCE**




**GIRLY BITS**




**MYSTIC RIVER WHIRLING SUN**




**KNOTWORK SHAMROCK**




EXHIBIT 1

**JEN DELYTH'S TREE OF LIFE**






EXHIBIT 2

# DEFENDANT'S INFRINGING DESIGNS

| Infringing Work | Copyrighted Work |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

EXHIBIT 3


PROPERTY OF


www.luckyfishart.com
©2001
COPY
RIGHT
PAT
FISH
IMG 115




IMG 777
COPY
RIGHT
PAT
FISH
LuckyFish Art Flash
ALL RIGHTS RESERVED




©200
COPY
RIGHT
PAT
FISH
IMG 437
www.luckyfishart.com