**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BRET A. LOHNES dba CAPTAIN BRET'S TATTOO SHOP, INC., Plaintiffs, -against- LUCKYFISH, INC., Defendants | CA No. 08-128-T<br>***DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS*** |

## I. INTRODUCTION

On January 3, 2008, Defendants Pat Fish, and her company, Luckyfish, Inc., filed a lawsuit against Plaintiff Bret Lohnes in California alleging Trademark Infringement over the use of the Slogan, "Be Art – Get a Tattoo" (the "Slogan"). In what can only be seen as an attempt to force Ms. Fish to unnecessarily spend legal fees as leverage for a settlement, Mr. Lohnes filed a lawsuit in Rhode Island three months later over the very same issue – the right to use the Slogan. Concurrently therewith, Lohnes filed an answer in the California action.

Plaintiff's Opposition to Defendant's Motion to Stay simply highlights the fact that these two cases are indeed duplicative. Plaintiff asserts that if all facts weigh in Plaintiff's favor in the previously filed California action, and if they somehow prevail in their various arguments, then there will be no more duplicative issues. This is completely nonsensical – if Plaintiff prevails on its motions in California, there would be nothing left to litigate in the Rhode Island case, which is exactly why this case should be stayed pending resolution of the California matter. Plaintiff is essentially asking this Court to waste its valuable judicial resources in Rhode Island while at the same time, Plaintiff continues to litigate issues in California which would be binding on this action anyway.

As controlling authority indicates, this case should be stayed pending resolution of the pre-existing duplicative case in California.

## II. LEGAL ARGUMENT

Plaintiff believes that if Plaintiff somehow prevails on certain motions he plans to file in the pre-existing California action, there will be "complete disparity of parties and subject matter between the California and Rhode Island cases." Plaintiff's Opposition is grounded entirely upon events they anticipate to occur in the California action. Plaintiff's argument shows a clear misunderstanding of the law and is completely circular in reasoning.

When determining whether or not to stay a case because it is duplicative of another case, one must look to the facts as they are now – not how a litigant hopes the facts may be in the future. As of now, the issues and the parties are duplicative, and thus Defendant's motion should be granted. Furthermore, resolution of all the motions that Plaintiff intends to file in the California action would render the issues in this case moot, and thus, Plaintiff has in fact provided additional support for granting the stay in this case.

There are two primary reasons why courts routinely stay lawsuits involving substantially the same issues in a pre-existing lawsuit: (1) to avoid the unnecessary waste of judicial resources, and (2) to avoid conflicting rulings over the same subject matter. Here, any rulings in the pre-existing California action would be preclusive on the subsequently field Rhode Island action. Controlling federal authority simply does not allow litigants to subsequently file duplicative actions for tactical reasons as Lohnes has done in the present situation.

### A. The California Action is Duplicative of the Present Action

As discussed in Defendant's Motion to Stay, the main dispute in the present action is with regards to the slogan "Be Art – Get a Tattoo," which is also at issue in the California action against Plaintiffs. Even though the California action involves additional

copyright claims, the cases are still duplicative because resolution of the trademark claim in the pre-existing California action, whether in favor of Plaintiff or not, would render the claims in the Rhode Island action moot.

The principle of avoiding "duplicative" actions rests on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." [Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)] Plaintiff has already revealed to this Court that he plans to file a motion in California action that would be conclusive as to the ownership and rights to the Slogan. If this case is not stayed, the parties would essentially be litigating the same issue in both California and Rhode Island, which would be a huge and unnecessary waste of time and judicial resources.

This Court should also keep in mind that Plaintiff filed this action within minutes of filing an Answer in response to the pre-existing California lawsuit. Not only is this the very kind of procedural gamesmanship that a stay is designed to prevent, Plaintiff's filing of the Rhode Island action is frivolous and was clearly done in bad faith. As such, this Court should exercise its inherent powers under Rule 11 to sanction Plaintiff for wasting Defendants', and more importantly, this Court's time and resources in connection with same.

**B. While Plaintiff is Unlikely to be Dismissed from the California Action, the cases would still be Duplicative because Bret Lohnes is in Privity with Captain Bret's Tattoo Shop, Inc.**

Bret Lohnes and his company, Captain Bret's Tattoo Shop ("Captain Bret's) are both named as Defendants in the California action. Plaintiff has indicated that he plans to file a Motion to Dismiss Bret Lohnes from the California Action based on lack of personal jurisdiction. Plaintiff contends that dismissal of Mr. Lohnes from the California action will render the cases non-duplicative because the parties will be different.

At the outset, it is unlikely Mr. Lohnes would be dismissed from the California action because the Lanham Act imposes liability on "[a]ny person who, on or in connection with any goods or services…uses in commerce any … name … which … is likely to cause confusion." [15 U.S.C. § 1125(a)] It is well established in trademark cases that any person who directs, controls, supervises, or participates in the infringing activity can be held personally liable for the infringement whether or not he/she was acting on behalf of the corporation. [Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985)][1] "If an individual actively and knowingly caused the trademark infringement, he is personally responsible. Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil." [Hewlet-Packard Co. v. Repeat-O-Type Stencil Manufacturing, 1995 WL 55168, *6 (N.D. Cal. 1995) *citing* Babbit Electronics, Inc., v Dunascan Corp., 38 F.3d 1161 (11th Cir. 1994)]

Since Plaintiff is the sole employee of Captain Bret's, he has essentially conceded to direct participation in virtually all of Captain Bret's business operations, including all acts of infringement. Not only is Mr. Lohnes the moving force behind the infringement, he has done so willfully, as shown in an e-mail correspondence ("the E-mail"), in which he expresses his intentions to "put up so many slightly (legally) altered images for sale that. . .jen and pats head will f***ing spin."[2] Said "altered images" are the copyright designs at issue in the California action. Furthermore, Mr. Lohnes expresses his

---

[1] *See also* Committee for Idaho's High Desert Inc. v. Yost, 92 F.3d 814, 823 (9th Cir., 1996); Kelly Blue Book v. Car Smarts, 802 F.Supp. 278, 292 (C.D.Cal. 1992); Major League Baseball v. Colour-Tex, Inc., 729 FS 1035, 1043 (D.NJ 1990); Southern Bell Telephone Director Publishers, 756 F.2d 801, 811 (11th Cir., 1985); Columbia Pictures Industries v. Redd Horne, Inc., 749 F.2d 154, 160 (3rd Cir., 1984); RCA/Ariola International Inc. v. Thomas & Grayston Co., 845 F.2d 773, 781 (8th Cir., 1988)]

[2] Annexed hereto as **Exhibit 1** is a true and correct copy of an e-mail from Mr. Lohnes to Ms. Buziak dated April 11, 2007

unwillingness to come to an amicable resolution to the matter and his intent to wage war against Ms. Fish when stating that "the moment Yahoo pulls one of his items, the fun is going to start." Mr. Lohnes' statements in the E-mail evidences his malicious intent to infringe upon Ms. Fish's copyrights and to complicate matters in the California action as best he can, which includes the filing of a duplicative action in Rhode Island.

In any event, Bret Lohnes is in privity with Captain Bret's thereby rendering the case duplicative even if Bret Lohnes is no longer a party in the California action. Numerous courts have recognized that the privity which can lead to issue preclusion is that relationship between two parties which is sufficiently close so as to bind them both to an initial determination, at which only one of them was present. [First Alabama Bank v. Parsons Steel, Inc., 747 F.2d 1367, 1378 (11th Cir.1984) ("The term 'privity' signifies that the relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon the others, although those others were not party to the lawsuit.") *followed by* N.L.R.B. v. Donna-Lee Sportswear, Co., Inc., 836 F.2d 31, 35 (1st Cir. 1987)]

Mr. Lohnes established Captain Bret's in 1998. He is the President of Captain Bret's and has "carried out tattoo-related business operations solely as an employee of Captain Bret's."[3] As President of Captain Bret's, any decision made in the California action as to Captain Bret's rights to the Slogan would be conclusive as to Mr. Lohnes, even if he is dismissed as a party in the California action. Thus, it is of no consequence as to whether Mr. Lohnes himself is a party in the California action. The cases would still be duplicative.

## III. CONCLUSION

This Court should not tolerate the procedural gamesmanship Plaintiff Lohnes has engaged in by filing the duplicative Rhode Island action. Based on the foregoing,

[3] See Exhibit B of Plaintiff's Opposition to Motion to Stay, Declaration of Bret Lohnes, ¶ 2.

Defendants Luckyfish, Inc. and Pat Fish respectfully request this Court to stay proceedings of Mr. Lohnes's claims against Defendants pending resolution of the California Action.

DATED: June 30, 2008

KELLY, KELLEHER, REILLY & SIMPSON
*Attorneys for Defendants Luckyfish, Inc. and Pat Fish.*

By: ___________________________
James H. Reilly
146 Westminster St., Suite 500
Providence, RI 02903
(401) 272-1312